Commonwealth ex rel. Marvin, Appellant,
*v.* Marvin.

Argued June 13, 1960. Before RHODES, P. J., GUN-
THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-
GOMERY, JJ.

Proceeding upon petition of wife for increase of
order for support for herself and minor children. Be-
fore SWENEY, P. J.

Order entered fixing amount of weekly support. Re-
latrix appealed.

*Robert F. Jackson,* for appellant.

*M. E. Dolin,* for appellee.

OPINION BY MONTGOMERY, J., September 16, 1960:

This is an appeal by Hannah M. Marvin from an order of the court below directing Raymond Marvin, the appellee, to pay the sum of $25 per week for the support and maintenance of his wife and three children together with all the sums paid or incurred for the medical expenses of the children.

Appellant left her husband because of his prolonged and repeated physical abuse, which was admitted by the defendant on the stand. She stated her needs to be $58 per week for herself and the three children. Appellant and the children live with her parents and she is employed, earning a weekly wage of $52.50.

After taking into consideration the ages of the children—4½, 3 and 2 years,—debts which had been incurred through sickness in the family, the wife's employment, and the husband's weekly income, the court entered the order of $20 per week for the three children and $5 per week for the wife.

An order of support, based on competent evidence, will not be reversed on appeal. The law has placed upon the lower court the duty of deciding what sum is reasonable and proper for the comfortable support and maintenance of a wife and children and determining whether the husband has sufficient ability to pay such sum. Unless there is a clear abuse of discretion, the appellate court will not substitute its judgment for that of the trial judge. *Commonwealth ex rel. Scarpato v. Scarpato,* 190 Pa. Superior Ct. 45, 151 A. 2d 783; *Commonwealth ex rel. Shotz v. Shotz,* 130 Pa. Superior Ct. 561, 198 A. 472; *Commonwealth v. Betts,* 76 Pa. Superior Ct. 96.

A court is not restricted to a husband's actual earnings as the sole basis for a support order but also may consider his earning power and his standard of living; and in such a proceeding the credibility of the husband on his financial resources is for the trial judge. *Commonwealth ex rel. Kolbe v. Kolbe,* 186 Pa. Superior Ct. 256, 142 A. 2d 365.

A trial judge who sees and hears the witnesses in a support action is in a better position that the Superior Court on appeal to decide the issue and its merits. *Commonwealth ex rel. Berry v. Berry,* 165 Pa. Superior Ct. 598, 69 A. 2d 442. It is the function of the Superior Court only to review the testimony taken at the hearing and to determine whether the order can be sustained on any valid ground. *Commonwealth ex rel. Heineman v. Heineman,* 185 Pa. Superior Ct. 32, 137 A. 2d 349.

In the instant case, the lower court felt that this appeal was premature. The opinion filed by Judge SWENEY indicates that he has called upon the Probation Office of Delaware County to work with the appellee so that his budget might be arranged and his bills paid, leading to a subsequent increase in the order when circumstances permit.

Orders in nonsupport cases are not final, inasmuch as they may be increased, reduced, or vacated when the financial condition of a party changes. *Commonwealth ex rel. Barker v. Barker,* 160 Pa. Superior Ct. 263, 50 A. 2d 739.

We are of the opinion that under the facts before us this Court is not warranted in disturbing the order. In the event that there is improvement in the financial condition of the appellee, further application may be made to the lower court, which in its sound discretion will make such modification as it may deem right and just.

Order affirmed.