Opinion by
 

 Woodside, J.,
 

 This is an appeal from an order of the Court of Quarter Sessions of Montgomery County made against a father for the support of his four sons, 10 to 16 years of age. The parents of the boys are separated but not divorced.
 

 The mother and her four sons are living in a $34,000 house on which there is a mortgage of approximately $20,000, and the father is living in a house valued at between $55,000 and $60,000, on which there is a mortgage of an amount unknown to us. Title to both premises is in both parents. The defendant was ordered “to pay the weekly sum of $40.00 for each of his four sons, making a total of $160.00 per week.” He was further
 
 *576
 
 directed to make the monthly payments on the mortgage, together with taxes and fire insurance on the house in which his wife and children are residing. He contends that the order is too high.
 

 The defendant is a self-employed registered professional engineer who works as a business representative for several engineering companies and is paid a commission for negotiating contracts for them. From January 1, 1957 through 1962, he grossed from a low of $47,533 in 1962 to a high of $64,709 in 1957. In his 1962 federal income tax return, he took deductions for business expenses which brought the net profit of the business down to $22,722. The court below concluded that the defendant was currently earning after' taxes between $18,000 and $20,000' a year, or between $350 and $400 per week. The mortgage payments, taxes and insurance on the house in which the boys and their mother reside appear to be approximately $2300 a year. An order of approximately $10,600 a year for the support of children would be too high for a defendant whose income would be only $18,000 a year after taxes. However, we must view the order here in the light of all the facts, and when we do so, we find that it must be affirmed.
 

 The test here is not whether we would have made a similar order but whether the trial court is chargeable with an abuse of discretion.
 
 Commonwealth ex rel. Sosiak v. Sosiak,
 
 177 Pa. Superior Ct. 116, 118, 111 A. 2d 157 (1955).
 

 The trial court easily could have found the earning capacity of the defendant to be in excess of $20,000 a year after taxes. The defendant in testifying concerning his financial requirements indicated that in 1962 he had paid Internal Revenue “back additional taxes” for 1959, 1960 and 1961, from which it could be inferred that his actual net income exceeded that appearing in his tax returns.
 

 
 *577
 
 The net income of a defendant as shown on income tax returns is not to be accepted in a support case as the infallible test of his earning capacity. Particularly is this true where the defendant is in business for himself and is allowed substantial business “expenses”, items of depreciation and sundry other deductions which enable him to live luxuriously before spending his taxable income.
 

 Depreciation involves no cash expenditure at the time it is taken as a deduction. The amount claimed for depreciation represents additional cash available for the defendant’s use. In
 
 Commonwealth ex rel. Rankin v. Rankin,
 
 170 Pa. Superior Ct. 570, 573, 87 A. 2d 799 (1952), we said that depreciation should not enter into a computation of a defendant’s income upon which a support order may be based, but in
 
 Williams v. Williams,
 
 175 Pa. Superior Ct. 409, 413, 104 A. 2d 499 (1954), for reasons there set forth, we modified the rule by saying that depreciation must not be treated as an expense, but neither should it be treated as net profit. Several items of depreciation were used by the defendant in his tax return to help reduce his gross income from $47,533 to a net of $22,722. In ascertaining the earning capacity of a defendant, the net income ordinarily should not be increased by the entire amount of depreciation claimed in the tax return but by a part of it as determined from all the circumstances including the amount of depreciation claimed and the property depreciated.
 

 Numerous figures from the defendant’s income tax returns are in the record, but the returns themselves are not there. It is evident, however, that the defendant received commissions and other business income of over $47,000 in 1962 and a larger sum in other years; that he resides in a house valued at over $55,000 from which he conducts his business; that there is charged to business expense, at least in part, a 30 foot Chris
 
 *578
 
 Craft boat, an El Dorado Convertible Cadillac and a Chrysler automobile (both now with high mileage) and that club dues, florist’s bills, luncheon bills, and similar expenditures were deducted as business expenses prior to arriving at the net profit. Like the exemptions he claimed for his four sons, these items may have been proper deductions under the income tax law, but consideration must be given in a support case to those deductible expenditures which improve the defendant’s standard of living and have the effect of perquisites. See
 
 Commonwealth ex rel. Gutzeit v. Gutzeit,
 
 200 Pa. Superior Ct. 401, 406-408, 189 A. 2d 324 (1963).
 

 Furthermore, it must be noted that the defendant is protecting and increasing his equity in the real estate by paying that part of the order relating to the residence. The exact amount of the mortgage payments which reduces the principal is not in the record. We recognize, however, that although relatively small it is sufficient to require consideration.
 

 The record is filled with the mother’s estimates of the cost to provide for the children’s needs and with the defendant’s financial requirements. Trial courts frequently overemphasize such figures. In support cases neither the inflated demands by the wife for “necessary” expenses, nor the defendant’s testimony of his pathetic financial plight constitutes a sound base upon which to rest an order. If this evidence is given any substantial meaning, the order will depend upon the frugality or extravagance of the parties, or upon the degree to which the claims of the mother and the financial problems of the father are exaggerated. It is important for the court to learn about any unusual needs of the wife and children, but a knowledgeable trial judge should be able to determine as well as the parties the usual needs of the parties and the children in light of the funds available. See
 
 McCormick v. Mc
 
 
 *579
 

 Cormick,
 
 202 Pa. Superior Ct. 250, 254, 195 A. 2d 851 (1963). The real problem is to détermine as accurately as possible the earning capacity of the defendant, which is often difficult and in many cases only an estimate.
 

 When the order in this case was entered by Judge Quinlan in the court of quarter , sessions, there , was pending in the court of common pleas of the same county an action of divorce from bed and board brought by the mother against the father. Subsequent to the entry of the order in this case, President Judge Forrest entered an order in the divorce action upon a petition for alimony pendente lite, counsel fees and expenses. He allowed $1650 per year alimony pendente lite, $2000 counsel fees and $550 expenses. He found the defendant’s earning capacity to be approximately $28,000 annually before taxes. In entering the order for the wife, the court of common pleas concluded “that she will actually require $1,650 in cash annually from the defendant for her support
 
 under the present arrangement, provided that the defendant complies with the order of the Quarter Sessions Court”
 
 (Emphasis supplied)
 

 An order for less than $32 a week for the support of the wife of a husband earning over $20,000 a year after taxes is very low. Undoubtedly Judge Forrest would have entered a much higher order against the defendant in the divorce case had it not been for the order already entered in the court of quarter sessions. The total sum which the defendant is now ordered to pay for the support of his wife and four children is $9970, plus the taxes, insurance and monthly mortgage payments on the jointly owned house in which the wife and children are residing. Under all the circumstances this is a reasonable amount. Both orders are within the control of the Montgomery County courts and are subject to modification to meet any changed circumstances which may occur.
 

 
 *580
 
 Tlie appellant argues that the Montgomery County courts erred by not granting his petition to combine the two support actions. The amendment of December 30, 1959, P. L. 2055 to §15 of The Divorce Law of May 2, 1929, P. L. 1237, 23 P.S. §15(1), provides that the court of common pleas, where it has jurisdiction of cases of divorce “. . . may determine in one action the following matters, and issue appropriate decrees or orders with reference thereto, and may retain continuing jurisdiction thereover: . . .
 

 “(c) Any support, maintenance or assistance which shall be paid for the benefit of any children of such marriage or purported marriage. . . .”
 

 The statute does not require that the different matters named in the statute be consolidated into one action. What procedure should be followed is primarily and peculiarly within the discretion of the court below, which is responsible for its operation, and knows better than we do how it can most efficiently and expeditiously dispose of the business before it. Of course, it should make every effort to dispose of its business without delay or duplicity. Courts cannot
 
 arbitrarily
 
 ignore a more efficient and expeditious proceeding merely because it is new. In this case Judge Quinlan said in his opinion, “we felt that it would be more in the interest of justice and expediency to dispose of the question of support of the children immediately since there is presently pending between the parties a divorce action a mensa et thoro filed by the relatrix in January of 1961. That matter was still pending before the Master when this case was heard.” The courts of Montgomery County were not guilty of any abuse of discretion in refusing the defendant’s petition to consolidate the two support actions.
 

 Order affirmed.