Commonwealth ex rel. McNulty *v.* McNulty,
Appellant.

Argued September 11, 1973. Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and
SPAETH, JJ.

*Charles F. Mayer,* for appellant.

*Anna I. Vadino,* Assistant District Attorney, with
her *Ralph B. D'Iorio,* Assistant District Attorney, and

*Stephen J. McEwen, Jr.,* District Attorney, for appellee.

OPINION BY HOFFMAN, J., November 16, 1973:

This appeal is from the Order of the lower court denying appellant's petition for reduction of his support order for his wife and two children.

On January 8, 1970, the wife-appellee petitioned for support for herself and two children, ages two and five. By consent agreement dated August 19, 1970, appellant agreed to pay the sum of $50.00 per week ($20.00 for the wife; $15.00 for each child), together with the payment of all expenses for the jointly-owned residence. On June 19, 1972, appellant filed a Petition and Rule to modify and reduce the support order. After a two-day hearing before the Honorable Joseph W. DeFURIA, the petition for reduction was dismissed.

Basically, appellant contends that the trial court erred in refusing to modify the $50.00 per week order where his earnings were less than $60.00 per week. In support of his petition, appellant testified that he had previously worked for Boeing-Vertol as a sheet metal mechanic, earning $155.00 per week. Beginning in 1970, as a result of a cutback in government contracts, Boeing-Vertol began "laying off" a major portion of its work force (from 13,000 to 4,700 employees). In November 1970, anticipating his forthcoming release, appellant resigned from his position and obtained a job as a part-time bartender earning wages of $56.88 per week and $3.00 to $4.00 in tips.

Appellant further contended that a "change in circumstances" warranting a modification in the support order was demonstrated by the fact that appellee, since the date of the consent agreement, had obtained employment and was earning $95.00 a week.

Appellee testified that while her earnings were $95.00 a week her expenses for babysitting, transporta-

tion and other work-related expenditures effectively reduced her earnings to approximatly $52.00 a week. This amount, she argued, was needed to pay the mortgage payments and maintenance expenses which appellant had ceased paying since obtaining his new position.

At the conclusion of the hearings, Judge DEFURIA denied appellant's petition, saying that his decision was based primarily on the fact that appellant's testimony was not credible. On the other hand, Judge DEFURIA felt that appellee was credible and that her opposition to the modification petition was well-founded. In arriving at the decision, the trial court believed the following evidence to be illustrative of appellant's unbelievable story: (1) appellant voluntarily terminated his employment with Boeing-Vertol, where he was earning $155.00 per week, despite the fact that his layoff would not have occurred until nearly a year later; (2) appellant ostensibly accepted a part-time job as a bartender, earning less than $60.00 per week; (3) appellant owned a new automobile, which he claimed his new employer purchased for him for use in the business; (4) appellant testified that after searching for a long period of time for a job, the only job he could find was that of a part-time bartender, despite eight years of experience as a sheet metal worker; and, (5) that appellant's earnings and tips were probably understated, or that such a drop in actual monies paid was in "likelihood" supplemented by an interest in the business.

Appellant urges us to reverse the lower court as the existing support order, almost equaling his stated earnings is punitive. Appellant points out that 18 P.S. §4733, as amended July 31, 1968, allows a court to set an amount for support that is consistent with the appellant's "ability to pay."[1] Appellant contends that the

---

[1] This section has been repealed by the Act of 1972, December 6, P. L. 1482, No. 334, §5. The present section, however, does not change the law on this subject.

meaning of this legislation is that only the actual earnings of an individual may be taken into consideration. This plainly is not the law of this Commonwealth. This Court has repeatedly said that "[i]n determining what a husband reasonably should pay for the support of his wife the court may consider the earning power of the husband and is not restricted to his actual earnings." *Commonwealth ex rel. Wieczorkowski v. Wieczorkowski*, 155 Pa. Superior Ct. 517, 519, 38 A. 2d 347 (1944). This Court has likewise held that a trial court may look beyond the actual earnings of a father in determining his support obligation to his children. *Commonwealth ex rel. Balph v. Balph*, 210 Pa. Superior Ct. 244 (1967).

We have often said that support orders are not final and are subject to modification upon proof of change in circumstances. *Commonwealth ex rel. Lipsky v. Lipsky*, 214 Pa. Superior Ct. 215, 251 A. 2d 729 (1969); *Commonwealth ex rel. Ross v. Ross*, 206 Pa. Superior Ct. 429, 213 A. 2d 135 (1965). While we agree with appellant that a reduction in earnings and the wife's income are relevant factors in considering a reduction, they are not compelling in this case. "The hearing judge is not bound by the husband's testimony that he has no property and cannot secure employment, but may make his own deductions from the evidence and the circumstances." *Commonwealth ex rel. Sosigian v. Sosigian*, 202 Pa. Superior Ct. 188, 190, 195 A. 2d 883 (1963). A hearing judge may properly conclude that there is competent, credible evidence that husband's earning capacity is greatly in excess of that reflected by his present income: *Commonwealth ex rel. Glener v. Glener*, 173 Pa. Superior Ct. 108, 94 A. 2d 102 (1953). This is especially true where it appears that appellant voluntarily left his position with an extreme reduction in pay. The court may consider such a reduction as an intended circumstance, and it may ignore the earn-

ings and look to the earning capacity of the party. *Commonwealth ex rel. Jamison v. Jamison,* 149 Pa. Superior Ct. 504, 27 A. 2d 535 (1942).

Furthermore, while we have held that the court must consider the wife's separate earnings as one of the relevant circumstances, *Commonwealth ex rel. Borrow v. Borrow,* 199 Pa. Superior Ct. 592, 185 A. 2d 605 (1962), we have emphasized that "[t]he fact that a wife is gainfully employed does not ordinarily deprive her of her right to support, although the equities of a particular case may be such as to justify the court in refusing to allow the wife separate maintenance." *Borrow,* supra at 595.

"In a support proceeding, the trial judge who sees and hears the witnesses is in a better position than the Superior Court to decide the issue on its merits." *Commonwealth ex rel. Friedman v. Friedman,* 223 Pa. Superior Ct. 66, 67, 297 A. 2d 158 (1972). Absent a clear abuse of discretion an appellate court will not disturb a support order of the court below. *Commonwealth ex rel. Sosiak v. Sosiak,* 177 Pa. Superior Ct. 116, 118, 111 A. 2d 157 (1955).

We are unable to say that the court below did not weigh the evidence and testimony before it in a fair and reasonable manner. We can find no abuse of discretion in the court's refusal to reduce the support order.

The order of the court below is affirmed.