## Horn v. Horn

*T. Max Hall*, for plaintiff.
*Thomas Wood*, for defendant.

GREEVY, *P. J.*, March 13, 1975—This matter was before the court on defendant's "petition for determination of property and custodial rights" and rule to show cause why the court should not determine, as a part of the divorce action, the real and personal property rights and interest between the parties, and the further care, custody and visitation concerning their minor children, as well as any other matters pertaining to their marriage which may be disposed of in such action.

The Divorce Law of May 2, 1929, P.L. 1237, as amended by the Act of December 30, 1959, P.L. 2055, 23 PS §15, provides, in subsection 1, that the court "may determine in one action . . .

"(a) . . . property rights and interests between spouses . . .

"(b) The future care, custody and visitation rights as to children of such marriage or purported marriage.

"(c) Any support, maintenance or assistance which shall be paid for the benefit of any children of such marriage or purported marriage.

"(d) The approval of any proper settlement, involving any of the matters set forth in clauses (a), (b) and (c) of this paragraph and section, as submitted by the parties.

"(e) Any other matters pertaining to such marriage and divorce or annulment authorized by law and which fairly and expeditiously may be determined and disposed of in such action."

Such procedure being permissive and not mandatory, we have not disposed of such matters in divorce and annulment procedures. As the Superior Court stated in Commonwealth v. Miller, 202 Pa. Superior Ct. 573, 580 (1964):

"The statute does not require that the different matters named in the statute be consolidated into one action. What procedure should be followed is primarily and peculiarly within the discretion of the court below, which is responsible for its operation, and knows better than we do how it can most efficiently and expeditiously dispose of the business before it."

We have considered the Act of December 30, 1959, and note that the court "may" consolidate and determine in one action property, custody and other rights as well as the divorce. In its sound discretion, the court has determined that the instant case, a contested divorce presently on appeal, would not be more expeditiously handled if other matters were to be included for consideration. The present action in divorce was instituted on October 24, 1968, and was submitted to a master on December 17, 1968. On September 11, 1973, the master filed his report recommending that the divorce be granted. Exceptions were filed by the petitioner, and on June 11, 1974, this court entered a decree in favor of plaintiff. The present petition was not filed until May 24, 1974.

The support and custody matters of this marriage have thus far been handled in the case

of Commonwealth v. Charles F. Horn, Jr. (74-11,062). In that case, a support order was made as early as December 15, 1971. The original support order has since been vacated, and the husband is now paying support under an order dated November 22, 1972. There was no controversy over the custody of the children. We are of the opinion that handling the matter of divorce separately is more expeditious in this particular case; therefore, we affirm our order of September 11, 1974, dismissing the rule to show cause and denying the prayer of the petition.