375 A.2d 187

**COMMONWEALTH ex rel. Mary Jo LYLE**

v.

**George S. LYLE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1976.

Decided June 29, 1977.

Joyce Ullman, Philadelphia, for appellant.

Michael H. Hynes and Egan, Bowen & Hynes, Willow Grove, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is a support case. In December 1973, an agreed order was entered whereby appellant agreed to pay support of $90 per week—one half for the support of his wife, Mary Jo, who is appellee, and one half for the support of their son, Christian. On August 2, 1974 by agreement of the parties, the order was modified to provide for the payment of $40 per week for the support of Christian; the provision for the support of appellee was eliminated. Appellant did not make all of the payments called for by this modified order, and on July 14, 1975, he filed a petition asking that the order be reduced, and that arrearages be remitted. The lower court denied the petition, and this appeal followed.

At a hearing on the petition held on February 10, 1976, the witnesses testified to the following effect. When the modified order was entered, in August 1974, appellant was employed at Kras Corporation and had a gross income of

$9,903. On January 17, 1975, he was laid off, and for the next 27 weeks he received $112. per week as unemployment compensation. He then worked as a salesman for an insurance company, earning a total of $1,082. In November 1975, appellant returned to his old job at Kras Corporation. He earns approximately $190 per week ($148 net), and in 1975 his gross income was $6,133. When the modified order was entered, appellee was unemployed. However, one month later, in September 1974, she began employment with the Prudential Insurance Company, where she earns $131 per week.[1]

## -1-

 Appellant contends that appellee's employment constituted a change of circumstances that should have led the hearing judge to modify the order. An order may be modified upon proof that circumstances have materially changed since the entry of the original order. *Bell v. Bell,* 228 Pa.Super. 280, 323 A.2d 267 (1974); *Commonwealth ex rel. Naselsky v. Naselsky,* 199 Pa.Super. 270, 184 A.2d 288 (1962). However, we will not interfere with the hearing judge's decision unless there has been an abuse of discretion. *Costello v. LeNoir,* 462 Pa. 36, 337 A.2d 866 (1975); *Bell v. Bell, supra; Marvin v. Marvin,* 193 Pa.Super. 179, 164 A.2d 128 (1960).

In his opinion the hearing judge listed appellant's expenses, and remarked that at the time of the prior order appellant was living with his parents, but that he had moved out and was paying $1,500 annual rent. The judge went on to note that Christian, who is now seven years old, is still in need of maternal care, and quoted with approval a comment by appellee's counsel that "nobody can raise a child on $40 a week."

 The judge's conclusion that no reduction of the order was warranted appears to be based upon the following

---

1. Appellee's gross income is $131 per week. It is not clear from the record what her net weekly income is; however, it is at most approximately $100 per week.

reasoning: appellant had agreed to the order; $40 is not an overly large sum upon which to raise a child; and appellant should not be allowed to live more comfortably at his child's expense. All of this may be true, but it misses appellant's point, which is that child support, regardless of the amount, must be paid by both parents to the extent of their abilities. In appellant's view, since appellee's income has increased from zero to $131 per week, appellee's income should have been considered in conjunction with his own before his share of the expense of supporting Christian was determined. This is precisely what the Pennsylvania Supreme Court in *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974), said should be done:

> Support, as every other duty encompassed in the role of parenthood, is the equal responsibility of both mother and father. Both must be required to discharge the obligation in accordance with their capacity and ability. Thus, when we consider the order to be assessed against the father, we must not only consider his property, income and earning capacity but also what, if any, contribution the mother is in a position to provide.

*Id.* 456 Pa. at 540, 318 A.2d at 326.

Here, we cannot tell from the hearing judge's opinion whether the rule of *Conway v. Dana, supra,* was satisfied; the judge's opinion ignores appellant's argument, and refers only to appellant's "property, income and earning capacity," without any reference to "what, if any, contribution [appellee as] the mother is in a position to provide." Despite this error, it does not follow that remand is appropriate.

 As has been mentioned, the evidence was that appellant's weekly net income was $148, and appellee's something less than $131. In order to ascertain the propriety of the order that appellant pay $40 per week to support Christian, it is necessary to know the expenses entailed in supporting Christian. These expenses should be divided between both parents in a manner equitably proportioned to their relative incomes. *See Commonwealth ex rel. Buonocore v. Buonocore,* 235 Pa.Super. 66, 340 A.2d 579 (1975).

Here, however, no evidence of these expenses appears of record. This absence of evidence was caused by appellant.[2] Thus what the case comes down to is this: On the one hand, appellant has correctly argued to us that the hearing judge in arriving at his order should have considered not only appellant's but appellee's income; but on the other hand, appellant has prevented us from knowing what the result of such a consideration would have been. So far as we can tell from the record, appellee may well contribute to the expenses of supporting Christian an amount that when compared to her net income of something under $131 per week, equitably compares to the $40 that the hearing judge ordered appellant to contribute from his net income of $148 per week. Given this state of the record, we cannot say

2. At the hearing the following colloquy occurred:

MR. HYNES [counsel for appellee]: If I could just present evidence of the expenses of Mrs. Lyle?

THE COURT: Mark it as an exhibit.

MR. HYNES: Would you enter into a stipulation on that, Miss Ullman?

MISS ULLMAN [counsel for appellant]: We cannot stipulate to this.

THE COURT: You can't stipulate that if she gets on the stand she's going to read off those facts?

MISS ULLMAN: Oh, I would stipulate to that, Your Honor, but I'd like the privilege of cross-examining her. I would not agree that they are true and accurate.

THE COURT: Just that she'll testify to it.

MISS ULLMAN: I would assume that she'll testify as to what is shown to me, yes. But I cannot agree to admit them into evidence without the privilege—

THE COURT: This is just a petition to reduce and remit arrearages; right? She's not asking for an increase. I really don't care whether her expenses are higher or lower. They obviously show them to be higher.

I don't have to rule on any increase, it's just a question as to your proof and any cross-examination with regard to your petition to reduce and remit; right?

MISS ULLMAN: Right. Then I would object to any testimony on that issue.

THE COURT: Do you withdraw that as an exhibit, Mr. Hynes?

MR. HYNES: Yes, Your Honor.

THE COURT: All right, is that all the evidence?

MISS ULLMAN: That's all the evidence, Your Honor. May I make a statement for the Court, please?

N.T. 26–28.

either that appellant has carried his burden of proving that a material change in circumstances has occurred, or that the hearing judge abused his discretion.

–2–

Appellant also contends that the hearing judge abused his discretion in refusing to remit $845 in arrearages. The power to remit arrearages is controlled by the Act of June 19, 1939, P.L. 440, No. 250, § 1, 17 P.S. § 263, which provides: "Any order heretofore or hereafter made by any court of this Commonwealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said court may, at any time, remit, correct or reduce the amount of any arrearages, as the case may warrant."

Appellant contends that the hearing judge failed to consider all of the relevant factors. *See Commonwealth ex rel. Fryling v. Fryling,* 220 Pa.Super. 68, 283 A.2d 726 (1971); *Commonwealth ex rel. Crane v. Rosenberger,* 212 Pa.Super. 144, 239 A.2d 810 (1968). The judge accurately stated in his opinion that during 1975 (the year in which appellant accumulated arrearages) appellant's gross income was $6,313 (as compared with $9,903 in 1974), and that the amount of support due ($2,080) was less than one third of that income. Appellant recites no additional pertinent factors that the judge should have considered. It therefore appears that appellant's true disagreement is not with the factors considered, but with the conclusion reached. It is well-settled, however, that remission of arrearages is within the court's discretion. *See Commonwealth ex rel. Crane v. Rosenberger, supra.* Here, no abuse of discretion appears.

Affirmed.