386 A.2d 55

**Eleanor E. KURPIEWSKI**

v.

**Bernard J. KURPIEWSKI, Appellant (two cases).**

Superior Court of Pennsylvania.

Argued Nov. 22, 1977.

Decided April 28, 1978.

490

Felix J. DeGuilio, Pittsburgh, for appellant.

A. Pyle, with him Shelley A. Bould, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in (1) ordering him to pay support to appellee who failed to establish a reasonable cause for leaving appellant, and (2) directing appellant to pay appellee's medical and drug bills without limit. We agree and, therefore, reverse the lower court's order.

On February 7, 1977, appellee filed a complaint for support pursuant to the Civil Procedural Support Law[1] in the Allegheny County Court of Common Pleas. At a hearing on February 22, 1977, the parties presented the following facts: Appellant and appellee were married on October 2, 1965; they had no children. Appellee left the family home on January 11, 1977, and established a separate household. Appellee testified that because of psychiatric problems, she had been hospitalized four times, most recently in January, 1974. Although she had been employed previously as an office worker, appellee's emotional problems prevented her from working currently. As a result of her disorder, appellee received $260.00 per month in Social Security disability payments. Appellee further testified that at the time of the hearing, she was under the care of a "thyroid doctor," as well as two psychiatrists. She testified that appellant had paid her doctor bills which averaged $39.00 per month and her drug bills which averaged about $40.00 per month. Although appellee conceded that Medicaid paid part of her medical expenses, the actual amount covered by Medicaid was disputed. Appellee's attorney testified that when appellee contacted her, appellee was at a shelter for battered wives because "she did not feel safe" with appellant. However, appellee did not testify about her reasons for leaving appellant.

Appellant testified that he did not know why appellee had left him and that he desired her return. Appellant further testified that he earned about $700.00 net income per month and had accumulated $1500.00 in cash during the marriage. He presented a budget which enumerated average monthly

1. Act of July 31, 1953, P.L. 431, § 1; 62 P.S. § 2043.31 et seq.

medical expenses of $115.00. Appellant maintained that ninety-five percent of those medical expenses represented payments for appellee's doctors and drugs and that his Blue Cross coverage paid for all medical expenses except $50.00.

After the hearing, the lower court ordered appellant to pay appellee support in the amount of $200.00 per month and "to pay to keep wife on medical program and pay medical and drug bills." Appellant filed an appeal from the order on March 2, 1977. On March 7, 1977, appellant petitioned the court for reconsideration of its order. On May 3, 1977, the court formally dismissed appellant's petition for reconsideration. This appeal followed.

Appellant first contends that the lower court erred in granting a support order for appellee because appellee failed to establish a reasonable cause for leaving appellant. Our courts continue to hold that a wife seeking support has the burden of establishing that her husband consented to the separation or that her husband's conduct justified her leaving the marital home. However, a wife seeking support need not establish facts which would entitle her to a divorce. *Commonwealth ex rel. Loosley v. Loosley*, 236 Pa.Super. 389, 345 A.2d 721 (1975); *Commonwealth ex rel. Halderman v. Halderman*, 230 Pa.Super. 125, 326 A.2d 908 (1974); *Crissman v. Crissman*, 220 Pa.Super. 387, 281 A.2d 719 (1971); *Commonwealth ex rel. Lewis v. Lewis*, 218 Pa.Super. 296, 275 A.2d 861 (1971).[2]

In the instant case, appellant testified that he did not know why appellee had left the family home and that he desired her return. Consequently, appellee has not established a separation by mutual consent which would continue appellant's legal obligation to support appellee as his wife. *Commonwealth ex rel. Lewis v. Lewis*, supra. Nor has appellee established that appellant's conduct justified her leaving. Appellee's attorney testified at the hearing that, "[appellee] can tell you it was not of her own choosing that

2. We note that the Equal Rights Amendment to the Pennsylvania Constitution, Pa.Const. Art. I, § 28, imposes a sex-neutral burden of support. *See Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974).

she left her husband. When she first contacted our office, she was in a shelter for battered wives. [Appellee] did not feel that it was consistent with her safety that she stay there any longer. . . . " However, *appellee* did not testify about her reasons for leaving appellant, nor did either party's attorney or the court question her about the matter. Because appellee's attorney's testimony cannot substitute for appellee's own testimony, we find that appellee failed to establish that appellant's conduct justified her withdrawal from the marital home. Accordingly, we find that the lower court erred in entering an order directing appellant to pay appellee support.

▮▮▮▮ Appellant's second contention is that the lower court incorrectly directed appellant to pay appellee's medical and drug bills without limit. The court ordered appellant "to pay to keep wife on medical program and pay medical and drug bills." Our Court has held that "the function of a court in a proceeding for support is not to punish a husband for misconduct but to fix an amount which is 'reasonable and proper for the comfortable support and maintenance of . . . his wife.' " *Commonwealth ex rel. Gitman v. Gitman*, 428 Pa. 387 at 395, 237 A.2d 181 at 186 (1967) (Citations omitted).[3] Consequently, a support order cannot be confiscatory but must secure a reasonable living allowance, considering the supporting spouse's earning capacity and property and the parties' station in life. *Commonwealth ex rel. Bishop v. Bishop*, 234 Pa.Super. 600, 341 A.2d 153 (1975); *Commonwealth ex rel. Malizia v. Malizia*, 229 Pa.Super. 108, 324 A.2d 386 (1974); *Commonwealth ex rel. Hauptfuhrer v. Hauptfuhrer*, 226 Pa.Super. 301, 310 A.2d 672 (1973). To secure a reasonable result, an order for support may not exceed one-third of the supporting spouse's earning capacity. *Commonwealth ex rel. Lipsky v. Lipsky*, 214 Pa.Super. 215, 251 A.2d 729 (1969); *Commonwealth ex rel. Gutzeit v. Gutzeit*, 200 Pa.Super. 401, 189 A.2d 324

3. We recognize that extraordinary medical expenses are the proper subject of a support order. *Commonwealth ex rel. Rahill v. Rahill*, 97 Montg. 306 (1974).

(1963). Thus, in *Gutzeit,* supra, our Court noted the "hopelessness of applying the one-third rule to an order directing the payment of the wife's medical bills." 200 Pa.Super. at 410, 189 A.2d at 329. Consequently, we vacated the order directing the husband to pay future "professional fees to doctors" for services to his wife.

■ Similarly, in the instant case, we find that the one-third rule cannot be applied to the lower court's order directing appellant to pay appellee's unlimited medical bills. In addition, the unspecified amount of the obligation prevents us from determining whether the order is confiscatory and punitive in contravention of Pennsylvania law. *Commonwealth ex rel. Bishop v. Bishop,* supra; *Commonwealth ex rel. Malizia v. Malizia,* supra; *Commonwealth ex rel. Hauptfuhrer v. Hauptfuhrer,* supra.[4] Moreover, the order unfairly places appellant in a position of financial uncertainty. Because the order does not inform appellant of the extent of his obligation regarding appellee's medical bills, appellant cannot properly allocate his funds to meet appellee's needs. Finally, in addition to imposing an unfair burden on appellant, an unspecific order prevents the lower court from determining whether appellant is delinquent in his payments.

In conclusion, we find that because appellee failed to establish reasonable cause for leaving appellant, she did not meet the burden of proof necessary to continue appellant's obligation of support. We also find that the lower court's order directing appellant to pay appellee's future medical bills was impermissibly unlimited. Accordingly, we reverse the lower court's order and remand for a full hearing at which both parties may testify and appellee may have an

4. The lower court maintains that the parties' testimony established that appellant had paid between $50.00 and $75.00 per month for appellee's medical bills. Thus, the court reasons, the order was fashioned in view of the past payments and consequently contemplates future payments of medical costs in conformity with the past "pattern" of payments. However, we are bound by the actual language of the order which is completely unlimited and unspecific regarding the extent of appellant's obligation.

opportunity to testify about her reasons for leaving appellant. If appellee's testimony establishes that appellant's conduct provided reasonable justification for her leaving appellant, the lower court can then enter a support order that is reasonable in view of appellant's earning capacity and surrounding circumstances. Finally, if the lower court concludes that appellee is entitled to an order directing appellant to pay her medical bills, that order must be definite and specifically limited.

Reversed and remanded.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.