418 A.2d 558

**COMMONWEALTH of Pennsylvania ex rel. Mary MAIER**

v.

**J. Arch MAIER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed Jan. 25, 1980.

582

Henry C. McGrath, Scranton, for appellant.

William F. Bradican, Scranton, for appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court abused its discretion in entering a support order because (1) the court failed to properly determine appellant's earning capacity and granted support in an amount in excess of one-third of his earning capacity; and (2) the portion of the order requiring appellant to pay appellee's reasonable medical bills and commuting expenses is too indefinite to enforce. For the reasons which follow, we vacate the lower court's order and remand the case.

The parties were married in 1947 and separated in 1975. Thereafter, appellee instituted an action to obtain support for herself. The record reveals the following: Appellant is president and sole stockholder of Philips & Maier, Inc. (hereinafter P & M) and Spring Service Company (hereinafter Spring Service). Appellant also has an interest in A & M Distributors, a partnership. In 1977 and 1978, P & M paid appellant a gross salary of $340.00 per week. In addition to appellant's salary, which he sets himself, P & M supplies appellant with an automobile for his personal use and pays the automobile operating expenses, appellant's entertain-

ment and traveling expenses, and membership fees and dues in certain organizations. In 1977, appellant received $593.89 from A & M Distributors. He received no salary from Spring Service in 1977. In 1977, the net income (after taxes) of P & M was $7,021.84. On its federal tax return for that year P & M deducted $9,174.85 as depreciation. The net income of Spring Service in 1977 was $13,359.90. In 1977, Spring Service deducted $8,215.14 as depreciation.

As of April, 1978, appellee was employed by the Pennsylvania Department of Public Welfare and received a weekly gross salary of $155.62 ($117.00 net). Appellee owns a $12,000.00 savings certificate which pays 7¼% interest annually. In addition, P & M provides and maintains an automobile for appellee's use. Appellee submitted an itemized list to the lower court showing that she needed $225.50 per week for her living expenses.

On February 16, 1979, the lower court entered an order directing appellant to pay appellee $175.00 per week for her support and "to pay her reasonable medical bills and commuting expenses." This appeal followed.

It is well-settled that "a support order cannot be confiscatory but must secure a reasonable living allowance, considering the supporting spouse's earning capacity and property and the parties' station in life." *Kurpiewski. v. Kurpiewski*, 254 Pa.Super. 489, 493, 386 A.2d 55, 58 (1978). Additionally, in determining the amount of a support order, the court must consider the nonsupporting spouse's separate earnings as one of the relevant circumstances. *Commonwealth ex rel. McNulty v. McNulty*, 226 Pa.Super. 247, 251, 311 A.2d 701, 703 (1973); *Commonwealth ex rel. Borrow v. Borrow*, 199 Pa.Super. 592, 595, 185 A.2d 605, 606 (1962); *Commonwealth v. Kauffman*, 199 Pa.Super. 375, 379, 185 A.2d 799, 800 (1962). A support order may not exceed one-third of the supporting spouse's earning capacity. See *Kurpiewski v. Kurpiewski, supra*, 254 Pa.Super. at 493, 386 A.2d at 58, and cases cited therein. In *Commonwealth v. Miller*, 202 Pa.Super. 573, 198 A.2d 373 (1964), our Court stated:

The net income of a defendant as show on income tax returns is not to be accepted in a support case as the infallible test of his earning capacity. Particularly is this true where the defendant is in business for himself and is allowed substantial business "expenses", items of depreciation and sundry other deductions which enable him to live luxuriously before spending his taxable income.

*Id.*, 202 Pa.Super. at 577, 198 A.2d at 375. *See also Wechsler v. Wechsler*, 242 Pa.Super. 356, 365, 363 A.2d 1307, 1312 (1976). In *Commonwealth v. Miller, supra*, the Court held that although the defendant husband may properly have deducted on his income tax return expenditures for a boat, two automobiles, club dues, florist's and luncheon bills, "consideration must be given in a support case to those deductible expenditures which improve the defendant's standard of living and have the effect of perquisites." 202 Pa.Super. at 578, 199 A.2d at 375. *See also Commonwealth ex rel. Gutzeit v. Gutzeit*, 200 Pa.Super. 401, 189 A.2d 324 (1963) (in determining the defendant husband's earning capacity, court should consider his salary from his wholly owned corporation, the corporation's earnings, life insurance paid by the corporation, and perquisites provided by the corporation such as travel and entertainment expenses, a boat, and an automobile). In *Commonwealth v. Miller, supra*, our Court also stated:

Depreciation involves no cash expenditure at the time it is taken as a deduction. The amount claimed for depreciation represents additional cash available for the defendant's use. . . . In ascertaining the earning capacity of a defendant, the net income ordinarily should not be increased by the entire amount of depreciation claimed in the tax return but by a part of it as determined from all the circumstances including the amount of depreciation claimed and the property depreciated.

202 Pa.Super. at 577, 198 A.2d at 375.

Because appellant is the sole stockholder of P & M and Spring Service and determines his own salary, this is an appropriate case for "piercing the corporate veil" and con-

sidering the income of those corporations in determining appellant's earning capacity. *See Commonwealth ex rel. Gutzeit v. Gutzeit, supra,* 200 Pa.Super. at 406, 189 A.2d at 326. In making this determination, the amount of depreciation which is available to appellant should be added to the corporations' net income, *Commonwealth v. Miller, supra,* and the amount of income remaining in the corporations which is unavailable for appellant's personal use should be excluded from the corporations' net income. *See Commonwealth ex rel. Shumelman v. Shumelman,* 209 Pa.Super. 87, 88, 223 A.2d 897 (1966). In addition to appellant's salary and other income, the court must consider the perquisites provided by P & M. *Commonwealth v. Miller, supra; Commonwealth ex rel. Gutzeit v. Gutzeit, supra.* Because the record does not indicate the portion of the net income and depreciation of appellant's corporations which is available for his personal use or the value of the corporate perquisites he receives, we cannot determine whether the order directing appellant to pay $175.00 in support exceeds one-third of his earning capacity. Consequently, we remand the case to permit the lower court to determine appellant's earning capacity as outlined above and enter an appropriate support order. To facilitate this determination, the lower court shall permit the parties to present evidence of their current income, the current income of appellant's businesses, and the financial needs of appellee. Additionally, the parties may present any other evidence which the lower court, in its discretion, deems appropriate.

■ Appellant contends that the portion of the support order directing him to pay appellee's reasonable medical bills and commuting expenses is too indefinite to be enforceable. In *Kurpiewski v. Kurpiewski, supra,* we stated:

[W]e find that the one-third rule cannot be applied to the lower court's order directing appellant to pay appellee's unlimited medical bills. In addition, the unspecified amount of the obligation prevents us from determining whether the order is confiscatory and punitive in contravention of Pennsylvania law. Moreover, the order unfair-

ly places appellant in a position of financial uncertainty. Because the order does not inform appellant of the extent of his obligation regarding appellee's medical bills, appellant cannot properly allocate his funds to meet appellee's needs. Finally, in addition to imposing an unfair burden on appellant, an unspecific order prevents the lower court from determining whether appellant is delinquent in his payments.

254 Pa.Super. at 494, 386 A.2d at 58 (citations omitted). *See also Commonwealth ex rel. Gutzeit v. Gutzeit, supra* (Court struck an order directing defendant husband to pay his wife's future maintenance and medical and gardening bills because it was too indefinite). Accordingly, if the lower court on remand concludes that appellant should pay appellee's medical bills and commuting expenses, the order must specify a particular amount.

Order vacated and case remanded for proceedings consistent with this opinion.