431 A.2d 1059

**COMMONWEALTH of Pennsylvania ex rel. Beverly BUEHLER**

**v.**

**Wilbert F. BUEHLER.**

**Appeal of Beverly BUEHLER.**

Superior Court of Pennsylvania.

Argued June 11, 1980.
Filed July 2, 1981.

Mark S. Love, Stroudsburg, for appellant.

C. Daniel Higgins, Stroudsburg, for appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

CAVANAUGH, Judge:

The wife instituted an action for her support. The lower court ordered her husband to pay her five dollars a week. On appeal the wife argues, inter alia, that the lower court failed to consider the extent of the husband's assets in determining the amount of support. We agree and accordingly remand the case to the court below. The parties married on February 9, 1979; and separated on May 13, 1979. This was the second marriage for the wife and the third marriage for the husband. No children were born of this marriage and all children of previous marriages are of adult age. At the time of the hearing the husband was 59 years old and the wife was 39 years old.

The husband apparently had a long standing problem with alcohol which he apparently successfully concealed from his wife until after they were married. The husband had been employed with a major airline for 38 years. From November, 1977 to April, 1979 the husband had used his accrued medical leave and vacation to maintain his base pay of about $40,000 per year. During this period the husband's net income was approximately $2,000 per month. In April, 1979 he received an additional 90 days of medical leave without pay. At the time of the lower court's hearing in August, 1979 he had net equity in the amount of $4,000 in a credit union which paid an annual interest; he had $1,400 in a checking account; he had recently inherited $10,000 in cash and stocks (about $3,000 in stocks); he had a loan obligation to a bank to which he had applied $5,000 of his inheritance to reduce the balance to $9,000; he owned three parcels of real estate: a four acre parcel which he was offering for sale at $75,000, another four acre parcel, and a smaller parcel; these three parcels were subject to a $35,000 mortgage. The husband had hoped to return to work, but the F.A.A. denied his medical exemption. At the time of the hearing it appeared unlikely that he would return to work, but instead would retire in March, 1980. He did not know what his pension payments would be. He had also applied for monthly social security and employer disability benefits in the amount of $900, but his application had not been approved at the time of the hearing.

The wife prior to the marriage had an income of about $9,000 per year. She had worked as a secretary, a steward and as a cosmetic merchandiser. She gave up all three jobs, apparently at the request of her husband. At the time of the hearing her cosmetic enterprise was starting to pick up, but she had failed to find a full time position that was acceptable to her. She had recently sold property which had been held jointly with her first husband for $19,500.

The wife had sought $250 per week in support from her husband, but the court awarded five dollars a week. The wife argues that the trial court "committed a flagrant abuse of discretion" by attributing an insincere motive to the wife

and that the court failed to consider the husband's real estate holdings and capital assets.

The lower court expressed the view that the wife had married her husband for economic motives. In its opinion the lower court stated:

Despite plaintiff's protestations of great love for her husband as the sole motive for embarking on the sea of matrimony, she impressed us as little more than an adventuress looking to take advantage of an unfortunate situation for her own unjust enrichment. This is a situation that shocks our conscience, and which we cannot, and will not, condone. Hence, the complained-of Order.

Our review of the record discloses no evidentiary basis for this conclusion. Moreover, the lower court should have limited its consideration to the wife's entitlement to support, *Larkin v. Larkin*, 262 Pa.Super. 294, 396 A.2d 761 (1978); *Kurpiewski v. Kurpiewski*, 254 Pa.Super. 489, 386 A.2d 55 (1978), and to a determination of an amount of support which would secure a reasonable living allowance for the dependent spouse, considering the supporting spouse's earning capacity and property, the defendant spouse's earning capacity, and the parties' station in life, *Commonwealth ex rel. Maier v. Maier*, 274 Pa.Super. 580, 418 A.2d 558 (1980); *Kurpiewski v. Kurpiewski, supra; Commonwealth ex rel. McNulty v. McNulty*, 226 Pa.Super. 247, 311 A.2d 701 (1973).

Here the wife's entitlement to support was not really in controversy. However our review is made difficult by the lower court's failure to discuss the parties' respective economic needs in its opinion.[1] Moreover, the lower court erred in its analysis of the husband's ability to pay.

In reaching its decision the lower court seems to have relied on its conclusion that the wife had improper motives in entering the marriage and that the husband had limited ability to pay support. We have already discussed the lower

[1] The court did have the parties' expense/income sheets before it, but no testimony was taken as to the parties' needs. Appellant

court's error in concluding that the wife had improper motives. We will now consider the lower court's analysis of the husband's ability to pay.

In determining the husband's ability to pay support the court must consider the husband's earning power and the nature and extent of his property. *Commonwealth ex rel. Roviello v. Roviello*, 229 Pa.Super. 428, 436, 323 A.2d 766, 771 (1974); *Shuster v. Shuster*, 226 Pa.Super. 542, 323 A.2d 760 (1974), *allocatur denied; Commonwealth ex rel. Kallen v. Kallen*, 202 Pa.Super. 500, 198 A.2d 331 (1964). However, a support action may not be used for the purpose of securing the wife's share of her husband's estate. *Commonwealth ex rel. Roviello v. Roviello, supra.*

In its opinion the lower court states that the husband had not worked since November, 1977, had been on a medical leave of absence, had received no income from his employer since April, 1979, had income only from the credit union, and had applied for social security and employer disability benefits. From the foregoing the lower court apparently concluded that the husband's earning power was low. However, nowhere in its opinion does the lower court mention the husband's assets. The husband had net equity of $4,000 in the credit union, $1,400 in a checking account, $5,000 remaining from his inheritance, and three parcels of real estate, one of which he offered to sell for $75,000, and which was subject to $35,000 mortgage. The income-producing potential of these assets, reduced by the husband's outstanding bank loan of $9,000 should have been considered by the lower court in determining the husband's ability to pay. *Commonwealth ex rel. Roviello v. Roviello, supra; Shuster v. Shuster, supra; Commonwealth ex rel. Kallen v. Kallen, supra.* Since the lower court did not consider the income-producing potential of these assets, it erred in determining the husband's ability to pay the wife's support. Therefore, the case must be remanded. Furthermore since the lower court did not discuss in its opinion the respective economic needs of the parties and no testimony was produced at the

merely asserted that she needed $250 a week to place her in as good a position as she was in prior to the marriage.

hearing on that matter (see footnote 1 *supra*), the lower court on remand should receive testimony regarding the parties' respective economic needs.

Order vacated and case remanded for a hearing on the parties' respective economic needs and for a redetermination of the husband's ability to provide for his wife's support.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting:

Appellant claims the court incorrectly considered her motivation and failed to consider her husband's real estate holdings and capital assets.

"Our scope of review is limited to a determination as to whether the order of support *can be sustained on any valid ground. Marvin v. Marvin*, 193 Pa.Super. 179, 164 A.2d 128 (1960). We must determine whether there was sufficient evidence to sustain the lower court, or contrariwise whether the lower court was guilty of an abuse of discretion. A finding of abuse of discretion is not lightly made, but only upon a showing of clear and convincing evidence. *Commonwealth ex rel. McQuiddy v. McQuiddy*, 238 Pa.Super. 390, 358 A.2d 102 (1976); *Commonwealth ex rel. Caplan v. Caplan*, 236 Pa.Super. 605, 346 A.2d 822 (1975); *Commonwealth ex rel. Halderman v. Halderman*, 230 Pa.Super. 125, 326 A.2d 908 (1974)." *Commonwealth ex rel. Hartranft v. Hartranft*, 267 Pa.Super. 572, 574, 407 A.2d 389, 390 (1979). (Emphasis added).

The lower court must determine what amount is reasonably needed to maintain the wife and whether the husband has the ability to pay such sum. *Commonwealth ex rel. Marvin v. Marvin*, 193 Pa.Super. 79, 164 A.2d 128 (1960); and *Commonwealth ex rel. Lyle v. Lyle*, 248 Pa.Super. 458, 375 A.2d 187 (1977). When establishing support a court is not limited to looking at a party's actual earnings, but may also look to one's earning power and standard of living as well as the party's other assets, such as stocks and real property. *Marvin, supra; Commonwealth ex rel. Gitman v. Gitman*, 428 Pa. 387, 237 A.2d 181 (1967); and *Commonwealth ex rel. Kallen v. Kallen*, 202 Pa.Super. 500, 198 A.2d 331 (1964).

A court must resolve a support case on the facts as they exist at the time of the hearing. At the time of the hearing it appeared appellee had reached the end of his productive career; his future was uncertain. Whether appellee would qualify for disability benefits was unclear. What his pension would provide him with was unknown. To what extent he would have to rely upon his accumulated assets was undeterminable. The court also noted that appellant's wife, had received $19,500 from the sale of property. The record before us is silent as to what happened to these proceeds. The wife, who was nineteen years younger than her husband had been unsuccessful in finding work "she wanted to accept".[1] I cannot find an abuse of discretion by the lower court. This court has frequently held that a lower court should consider the parties' respective positions in life; retirement is a legitimate reason for limiting a party's obligation to pay support. See *Commonwealth ex rel. Ross v. Ross*, 206 Pa.Super. 429, 213 A.2d 135 (1965); and *Commonwealth ex rel. Burns v. Burns*, 232 Pa.Super. 295, 331 A.2d 768 (1974). The lower court properly considered the factors expressed in the foregoing decisions. But appellant argues further that support could have been paid from appellee's capital assets.

"[A]lthough the court has the power and duty to look beyond the actual earnings of the husband and may consider his earning power and nature and extent of his property and other financial resources, (citations deleted), a support action may not serve as an action to divide or distribute the husband's estate. This court has often noted that a proceeding for support cannot be used for the purpose of securing a wife's share of her husband's estate or for the purpose of recovering property to which she might otherwise be entitled." *Commonwealth ex rel. Roviello v. Roviello*, 229 Pa. Super. 428, 436, 323 A.2d 766, 771 (1974). See also *Commonwealth v. Turner*, 258 Pa.Super. 388, 392 A.2d 848 (1978).

---

1. Appellant testified that she had been offered a job which would have required her to work six nights a week but she did not wish to tend bar. (N.T. p. 25). Prior to the marriage she had worked on weekends as a steward in a private club.

The majority remands for a determination of the income producing potential of appellee's capital assets. However, I believe the record is currently sufficient to make such a determination. The record demonstrates that neither the credit union account nor appellee's stocks were expected to pay out interest or dividends until the end of the year. Appellee's real estate holdings consisted of his residence which he was then attempting to sell, plus other parcels of undeveloped land. These parcels apparently were not income producing. I believe the court was correct in not attempting a division of the husband's property and limiting its concern to interest and dividends earned from the credit union account and the stocks, neither of which were expected to result in any payment until the end of the year.

I agree with the majority that the lower court improperly considered the wife's motivation. But since the court found appellee husband incapable of paying more than nominal support, the court's improper consideration of motives and the court's failure to review the parties' respective needs do not require reversal or remanding. A party's inability to pay is a valid basis for denying support. I believe the record sustains the denial of support in this case.

I respectfully dissent and would affirm the order of the court below.