## Smith v. Smith

*Morton Fromm,* for plaintiff.
*Frederick D. Lingle,* for defendant.

BROWN, *P.J.*, August 4, 1981—Defendant seeks a reduction in the amount of wife support contained in order dated October 22, 1980 wherein he was ordered to pay the sum of $34 weekly for the support of two minor children and $20 weekly for the support of his wife (plaintiff). This order was predicated upon plaintiff's having no income and defendant having a weekly net income of approximately $122.

On October 22, 1980, plaintiff was not working because of a job related injury suffered on July 30, 1980, and she had no income because her pending workmen's compensation claim had not been decided. However, on November 5, 1980, that claim was decided in her favor and she received a check for 13 weeks of past benefits in the net amount of

$2,182.90. She has continued to receive such benefits in the weekly amount of $183. Defendant's current weekly net income is approximately $149 consisting of his occupational earnings and his National Guard earnings.

Defendant's argument for seeking a reduction in plaintiff's support arises from her weekly workmen's compensation benefits. Plaintiff argues that these should not be considered as income. Neither party has submitted any authority on the issue. In the absence of any authority, the court concludes that such benefits are in the nature of income and should be considered in determining the issue of support. The court routinely takes into account the unemployment or workmen's compensation benefits of an obligor when determining the amount of a support order. In view of this practice, it would be manifestly unfair and inconsistent not to consider these same benefits when received by an obligee under a support order.

Thus the present circumstances of the parties leave defendant with a net weekly income of $149 out of which he is required to pay the sum of $34 per week for child support leaving him an adjusted net weekly income of $115. Against this figure, plaintiff has a net weekly income of $183. There is an obvious disparity in the parties' net incomes which tips heavily in favor of plaintiff, even if one considers the fact that she has custody of the parties' two minor children. Under these circumstances, a logical argument could be made that plaintiff is not entitled to support for herself because of her separate income which exceeds that of defendant. Whether the law recognizes such logic is open to question. Present law seems to suggest that the separate earnings of a recipient do not ordinarily operate to nullify the right to support, but that such earnings are to be considered as a relevant circum-

stance in setting the amount of a support order: Com. ex rel. McNulty v. McNulty, 226 Pa. Superior Ct. 247, 311 A. 2d 701 (1973).

The court must also be cognizant of the requirement that the obligor spouse should be left with a reasonable amount out of his income for his own reasonable maintenance needs. In this regard, defendant's weekly net income has been computed to include his compulsory retirement contributions of approximately $14 weekly so that after paying child support his actual net income is approximately $100. Contrasted with plaintiff's actual weekly net income of $183 plus the weekly child support payments of $34, there is room for little more than a nominal award of wife support.

## ORDER

And now, August 4, 1981, based upon the foregoing memorandum, it is hereby ordered that the support order dated October 22, 1980 be modified effective with the first payment due on or after January 12, 1981 to provide for wife support on behalf of plaintiff in the amount of five dollars per week.

## ORDER

And now, September 11, 1981, the parties having filed a stipulation on July 23, 1981 as to their respective incomes with regard to the issue of child support which net weekly amounts of income the court finds to be as follows: plaintiff—$183 and defendant—$149, and it is therefore ordered that defendant's modification request as to the order dated October 22, 1980 for child support be granted and that effective with the first payment due on or

after June 5, 1981, defendant's child support payments be reduced to $27 weekly.