423 A.2d 6

**Margaret Duffy MARTIN**

**v.**

**Albert J. MARTIN, Appellant.**

Superior Court of Pennsylvania.

Argued April 14, 1980.

Filed Dec. 12, 1980.

Joseph Kubacki, Jr., Pittsburgh, for appellant.

Gordon D. Fisher, Pittsburgh, submitted a brief on behalf of appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

Appellant and appellee, husband and wife, respectively, separated, after approximately one year of marriage, when appellee moved out of their house. She subsequently brought this action for support, and the court below found her entitled thereto and ordered appellant to make monthly payments. We agree with appellant that appellee was not legally entitled to support, and reverse the order of the lower court.

Our duty on this appeal is to determine whether there is sufficient evidence to sustain the order of the hearing judge. *Commonwealth ex rel. Rovner v. Rovner*, 177 Pa.Super. 122, 111 A.2d 160. The burden is upon a wife, who has withdrawn from the martial domicile, to prove that her husband's conduct justified her leaving him or that he consented to the separation. *Commonwealth ex rel. Arbitman v. Arbitman*, 161 Pa.Super. 529, 55 A.2d 586. A voluntary withdrawal by the wife without adequate legal reason defeats her right to support. *Commonwealth ex rel. Pinkenson v. Pinkenson*, 162 Pa.Super. 227, 57 A.2d 720.... The mere allegation that cohabitation is unbearable, unsupported by facts or reasons, is not sufficient. *Commonwealth v. Popkin*, 165 Pa.Super. 489, 69 A.2d 160.

*Commonwealth ex rel. Lipschultz v. Lipschultz*, 179 Pa.Super. 527, 530, 117 A.2d 793, 794 (1955). We find the evidence of record insufficient to support the lower court's order.

In the instant case, appellant testified that he did not know why his wife had moved out of their house, and that he desired her return. The fact that appellant had had the locks changed some time after appellee had left is not evidence relevant to the parties' relationship *inter se at the time the wife moved out.* Appellee has, therefore, not established a separation by mutual consent. *Kurpiewski v. Kurpiewski*, 254 Pa.Super. 489, 386 A.2d 55 (1978); *Commonwealth ex rel. Lewis v. Lewis*, 218 Pa.Super. 296, 275 A.2d 861 (1971). Neither has she established that appellant's conduct justified her leaving. Her attorney stated, at the hearing, that "there has been a total breakdown in the marital relationship[,]" and that appellant had "made it clear to her that neither her or [sic] members of her family are welcome in that home." Appellee testified only that the attorney's statements were "accurate" and that she had indeed moved out.

However, *appellee* did not testify about her reasons for leaving appellant, nor did either party's attorney or the court question her about the matter. Because appellee's attorney's [statements] cannot substitute for appellee's

own testimony, we find that appellee failed to establish that appellant's conduct justified her withdrawal from the marital home. Accordingly, we find that the lower court erred in entering an order directing appellant to pay appellee support.

*Kurpiewski v. Kurpiewski, supra,* 254 Pa.Super. at 493, 386 A.2d at 57 (emphasis in original). Because the record of the case before us is substantially identical to that of *Kurpiewski,* we adopt the above–quoted analysis by Judge Hoffman, and the following mandate:

[W]e reverse the lower court's order and remand for a full hearing at which both parties may testify and appellee may have an opportunity to testify about her reasons for leaving appellant [and at which appellant may cross–examine her thereon]. If appellee's testimony establishes that appellant's conduct provided reasonable justification for her leaving appellant, the lower court can then enter a support order that is reasonable in view of the surrounding circumstances.

*Kurpiewski v. Kurpiewski, supra,* 254 Pa.Super. at 494–95, 386 A.2d at 58.

Reversed and remanded.