432 A.2d 626

COMMONWEALTH of Pennsylvania ex rel. Elaine
FLEMING, Appellant at No. 159,

v.

Charles FLEMING, Appellant at 151.

**Appeal of Elaine FLEMING.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1980.

Filed July 17, 1981.

Dina G. McIntyre, Pittsburgh, for appellant at No. 151 and for appellee at No. 159.

Saul J. Bernstein, Butler, for appellant at No. 159 and for appellee at No. 151.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

On October 27, 1972, Elaine Fleming (Mrs. Fleming), then wife of Charles Fleming (Mr. Fleming), filed a complaint asking for support for herself and the couple's two minor children. On December 12, 1972, the court below ordered Mr. Fleming to pay one hundred dollars per week in support and to make the mortgage payments on the couple's house.

On October 17, 1973, and in anticipation of their impending divorce, the parties entered into a property settlement

agreement (the Agreement) which required that Mr. Fleming pay to Mrs. Fleming one hundred fifty dollars per week until the couple's then minor daughter reached the age of eighteen and one-half years; thereafter this payment was to be reduced to one hundred twenty-five dollars weekly until the couple's then minor son reached the age of eighteen and one-half years, was graduated from high school or secured full-time employment; and thereafter, two hundred dollars monthly until Mrs. Fleming remarried.[1] On the the day the agreement was signed, the daughter was over the age of eighteen and one-half years, and the son was twelve years and ten months old.

The parties were divorced on March 4, 1974. On March 29, 1974, on petition of Mrs. Fleming, the court below entered the Agreement as an order. On May 1, Mr. Fleming petitioned the court below for "temporary relief" from the obligations of the agreement, alleging that his business had been destroyed by fire on March 28, that only part of its value had been insured, and that he was nearly bankrupt. On June 4, 1974, the court ordered Mr. Fleming to pay Mrs. Fleming five hundred dollars monthly from June 1974 through December 1974. On January 21, 1975, Mr. Fleming was ordered to remit monthly payments of six hundred fifty dollars. Finally, on September 5, 1975, the court entered an order (to which both parties had agreed after an unrecorded conference in chambers) requiring, in relevant part, that Mr. Fleming pay Mrs. Fleming two hundred dollars monthly in support of his then minor son, and two hundred dollars

1. Both parties and the court below have described these payments as "support" or "alimony." They are, at present, neither. For purposes of enforcement, the payments would have been considered as made in support of the wife and two children (because of the lower court's entry of the agreement as a support order) prior to the parties' divorce. At that point, Mr. Fleming's obligation to support his wife ceased. The old Pennsylvania Divorce Law, 23 P.S. §§ 1–98, did not allow post-divorce alimony. Similarly, his obligation to support his children ended upon their attaining majority or completing their education. Payments to Mrs. Fleming following the parties' divorce are neither support nor alimony but merely Mr. Fleming's contractual obligation, and we shall not compound the confusion engendered below by describing them as anything else.

monthly for the personal use of Mrs. Fleming. The order described itself as a "temporary amendment" of the Agreement. This Order was followed by, inter alia, an "interim Order" dated March 29, 1977, directing Mr. Fleming to pay Mrs. Fleming two hundred dollars monthly for the couple's minor son and two hundred dollars monthly for her personal use.

On January 26, 1979, Mr. Fleming filed a "Petition for Modification" of the Agreement on the grounds that the couple's minor son had reached his eighteenth birthday and had completed his education. The court referred the matter to the county's domestic relations services for hearing. On February 27, 1979, Mrs. Fleming filed a "Motion to determine support under agreement," alleging that Mr. Fleming owed her $5,290.30 under the original terms of the Agreement as entered into on October 17, 1973. The court referred this matter also to the domestic relations service.

On May 1, 1979, the matter was heard by the lower court. It was established that the son had completed his education and was employed full-time (by his father). No evidence was presented regarding the alleged amount owing of $5,290.30.[2] The case was continued to June 29, 1979. At the hearing on June 29, Mrs. Fleming's counsel insisted that the amount due her under the agreement was $9,114.03. No evidence at all was put on the record at this hearing, although Mr. Fleming's lawyer agreed at one point that his client owed no more than $666.67 under the Agreement. The court found that Mr. Fleming owed $6,988.90 under the Agreement, $1,950.40 for Mrs. Fleming's 1973 car and $438.76 for the couple's daughter's education. The court insisted that Mr. Fleming had conceded the latter two items, and ordered that he pay those plus half of the balance purportedly due under the Agreement ($3,499.45). The payment directed by the court thus totals $5,888.61. Both Mr.

---

**2.** An accountant employed by Mrs. Fleming's attorney claimed, during the hearing, that that figure was correct. His statements, however, were unsworn and may not be considered. In any event, since, as we shall show, Mrs. Fleming is not entitled to this money, this is not an issue.

Fleming and Mrs. Fleming appeal, he claiming, in essence, that the payment ordered is too great, she, that it is too small.

■ The record shows that the court's order which both sides appeal was filed as a decree nisi on September 26, 1979. The court directed also, on that date, that notice of the entry was to be sent to counsel of record, and we presume that this order was obeyed by the prothonotary. Mr. Fleming's exceptions were filed, timely, on October 5. Those of Mrs. Fleming, however, were not filed, within the ten day period set by Pennsylvania Rule of Civil Procedure 1518.[3] The issues which she has attempted to raise in this appeal were, therefore, waived. *See Emerald Energy Enterprises, Inc. v. Karsnak,* 288 Pa.Super. 31, 430 A.2d 1198 (1981).

The legal issue in the case before us is whether the Agreement as amended by the parties merely allowed Mr. Fleming to delay paying a certain part of his obligations under the original Agreement until his financial circumstances had improved sufficiently, or whether the amendment effected a reduction in the amount of the payments he was to make, with no part to be held in abatement. The latter alternative is the correct interpretation of the Agreement and its amendment.

In the case before us, Mr. Fleming's responsibility to pay money to Mrs. Fleming is governed by the law of contract and not of domestic relations. Mr. Fleming, of course, was legally responsible for the support of his children until they attained the age of majority, and of his wife until they ceased to be married to each other. The Agreement provid-

---

3. Pa.R.Civ.P. 1518 provides:

Within ten (10) days after notice of the filings of the adjudication, exceptions may be filed by any party to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, to the decree nisi or in cases where requests for findings of fact or conclusions of law have been submitted by leave of the court to a failure or refusal to find any matter of fact or law substantially as requested. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived, unless, prior to final decree, leave is granted to file exceptions raising these matters.

ed for such payments and set the respective amounts thereof; the parties were apparently satisfied that these obligations were subsumed within it, for no separate adjudications of support were requested.

"In order to determine the meaning of the agreement, we must examine the entire contract since it is well settled that in construing a contract the intention of the parties governs and that intention must be ascertained from the entire instrument taking into consideration the surrounding circumstances, the situation of the parties when the contract was made and the objects they apparently had in view and the nature of the subject matter." *Mather Estate*, 410 Pa. 361, 366–67, 189 A.2d 586, 589 (1963). The construction given a contract by the parties thereto, as manifested by their actions after agreeing to its terms, and particularly by those actions prior to commencement of litigation, is entitled to great weight. *Atlantic Richfield Co. v. Razumic*, 480 Pa. 366, 375–76 n. 6, 390 A.2d 736, 741 n. 6 (1978).

The written contract between Mr. Fleming and Mrs. Fleming consists of two documents: the original Agreement, dated October 17, 1973 and entered as a court order on March 29, 1974 and the "Stipulation and Order of Court" dated September 5, 1975. The latter document constituted an amendment to the Agreement with the parties' concurrence. Neither document provides, expressly or by implication, for the mere holding in abeyance of a portion of the required payments should Mr. Fleming be financially distressed and unable to meet his obligations. Following the Amendment, Mrs. Fleming filed numerous claims for alleged arrearages, and petitions for the issuance of a rule on Mr. Fleming to show cause why he should not be held in contempt for alleged failure to pay them, but these claims did not raise the argument that Mrs. Fleming now brings to this court. It was not until early 1979, shortly before her contemplated remarriage, that she first raised the issue. There is nothing in the circumstances surrounding the making of the Agreement or the amendment thereto, or in the

position of the parties at the time the contracts were made, that would permit the interpretation thereof urged upon us by Mrs. Fleming. It appears that her theory is derived almost entirely from the first sentence of the amendment:

AND NOW, September 5th, 1975, after conference in chambers with the [parties'] attorneys, the following stipulated order is made, which is a temporary amendment to the agreement entered into October 17, 1973 between Elaine Fleming and Charles Fleming.

She places particular reliance upon the word "temporary." It is clear, however, that the Amendment's use of this word indicates only recognition that Mr. Fleming's obligations as set by the amendment could be reviewed and, perhaps, adjusted as circumstances warranted. There is no basis for holding that Mr. Fleming is obligated to pay the difference between the amounts set by the Agreement and by the amendment upon subsequent demand of Mrs. Fleming. That part of the decree ordering him to pay $3,499.45 as "Compromised balance due on support" must, therefore, be vacated.

■ Mr. Fleming claims, also, that there is no support in the record for the lower court's finding that he owes Mrs. Fleming $1,950.40 for her car and $438.76 for their daughter's education. We agree. Upon thorough review of the complete record, we have found no sworn testimony to, or properly admitted documentary evidence of, these amounts. These figures appear to have been contained in a memorandum to which Mrs. Fleming's lawyer made reference at one of the hearings. He stated that he would label the document "Plaintiff's Exhibit No. 1," and claimed that Mr. Fleming's attorney had agreed that the document accurately reflected the records of the county domestic relations office. Mr. Fleming's attorney made immediate objection, stating that he had never so agreed. The memorandum was not admitted in evidence. The transcripts of the hearings below relevant to this appeal consist almost entirely of the legal argument of counsel, and contain no sworn testimony at all. The statements of counsel cannot substitute for sworn testi-

mony or other proper evidence. *Martin v. Martin*, 282 Pa.Super. 484, 423 A.2d 6 (1980); *Kurpiewski v. Kurpiewski*, 254 Pa.Super. 489, 493, 386 A.2d 55, 57 (1978). This part of the decree must be vacated as well.

Decree vacated. However, because Mr. Fleming has admitted that he owes Mrs. Fleming $666.67, a decree is hereby entered in favor of Mrs. Fleming and against Mr. Fleming in the amount of $666.67.

WICKERSHAM, J., files a dissenting statement.

WICKERSHAM, Judge, dissenting:

I dissent.

I would affirm on the opinion of the court below.