519 A.2d 493

**Rosalie C. CASPER**

v.

**William R. CASPER, Appellant.**

Superior Court of Pennsylvania.

Argued June 5, 1986.

Filed Dec. 22, 1986.

Lawrence P. Lutz, Butler, for appellant.

David L. Cook, District Attorney, Butler, for appellee.

Before ROWLEY, DEL SOLE and CERCONE, JJ.

CERCONE, Judge:

In this case appellant William Casper petitioned the lower court to modify or terminate the provisions of a support order alleging substantial change in circumstances. On June 28, 1985, the court denied his petition. It is that order from which this appeal lies.

The parties to this case were married on June 24, 1945. Various marital difficulties resulted in the filing of a Complaint in Divorce in 1975. Prior to a divorce being entered, the parties entered into an agreement which settled questions of property distribution, support for wife and children, and custody.[1] ("Agreement") This agreement was adopted and entered as an Order of Court on December 10, 1975. ("December 10 Order") This order required that all support payments set forth in the Agreement be paid to the Butler County Domestic Relations Department as required by the terms of the Agreement.

At the time the Agreement was entered, Pennsylvania law did not provide for post-divorce alimony to a dependent spouse. Prior to enactment of the Divorce Code, Act of April 2, 1980, P.L. 63, No. 26, effective in 90 days, 23 P.S. §§ 101–801 ("Code"), a husband's duty to support his wife ceased upon dissolution of the marriage unity.[2] In order to provide for the needs of a dependent spouse, appellee in this case, divorcing couples entered into agreements such as the one at issue here.

The Divorce Code of 1980 provides, under certain circumstances, for the legal right of a dependent spouse to receive alimony from the supporting spouse even after the divorce has been finalized. *See* 23 P.S. § 501. Section 501(e) provides for the modification of orders granting alimony "upon changed circumstances of either party of a substantial and continuing nature." Based on this section of the

---

1. At all times relevant to this proceeding there are no minor children to be provided for.

2. *See* Pennsylvania Divorce Law, Act of May 2, 1929, P.L. 1237, 23 P.S. §§ 1–69 (as amended); *Watson v. Watson*, 243 Pa.Superior Ct. 23, 364 A.2d 431 (1976).

Code appellant alleges his right to modification or termination of the December 10 Order.[3]  He argues that because the underlying agreement was entered as an order of court to be paid through and enforced by the Domestic Relations Department, it was one modifiable by the terms of section 501(e).  This argument overlooks the clear language of section 103 of the Code which states that the Code shall not affect any marital agreement executed prior to the effective date of the act.  *See* 23 P.S. § 103.  Here, the Agreement was entered in 1975, nearly five years prior to the effective date of the act in 1980.  *See Young v. Young*, 507 Pa. 40, 488 A.2d 264 (1985) (Where both divorce decree and property distribution order were entered prior to effective date of Divorce Code, the Code did not apply.)  *See also, Cohen v. Cohen*, 352 Pa.Superior Ct. 453, 508 A.2d 561 (1986) (Section 103 proscribes the enlargement of a party's substantive rights in a case that has become final before the effective date of the Divorce Code of 1980.)

While we agree with the result reached by the lower court, we do not adopt its reasoning.  That court treated this case as one to be decided under the Code, rather than according to the old divorce law.[4]  The lower court concluded that an order integrating an award of alimony with equitable distribution is not modifiable citing *Fleming v. Fleming*, 130 P.L.J. 68 (C.P.Alleg.Co.1982) and *Capponi v. Capponi*, 132 P.L.J. 583 (C.P.Alleg.Co.1984).  In the alternative, the lower court stated that it would not rewrite the parties contract on the authority of *Litwack v. Litwack*, 289 Pa.Superior Ct. 405, 433 A.2d 514 (1981) (A pre Code case which holds that separation agreements are to be construed as contracts.).

**3.**  The lower court conducted an evidentiary hearing at which appellant presented evidence of what appears to be substantial changes in the earning capacities of himself and appellee.

**4.**  The old Pennsylvania Divorce Law did not allow post-divorce alimony.  Payments to Mrs. Casper following the parties' divorce are neither support nor alimony but merely Mr. Casper's contractual obligation.  We shall not compound the confusion engendered by the lower court's reference to these obligations as "support" or "alimony".

In accordance with the direction provided by the Code we must look to the law in effect prior to the Code to determine the substantive rights of the parties to this case.

The long-standing law of this Commonwealth is that support agreements, as well as postnuptial, antinuptial and separation agreements, are presumed to be valid and binding on the parties. *See Hollman v. Hollman*, 347 Pa.Superior Ct. 289, 300, 500 A.2d 837, 843 (1985) (citing cases); *Brown v. Hall*, 495 Pa. 635, 435 A.2d 859 (1981); *McGannon v. McGannon*, 241 Pa.Superior Ct. 45, 359 A.2d 431 (1976). "Under prior law, the party seeking to nullify such an agreement had the burden of proving, by clear and convincing evidence, either that a reasonable provision for the claiming spouse was not made at the time of the agreement or, in the absence of such a provision, a full and fair disclosure of the other spouse's worth had not been made." *Wolfe v. Wolfe*, 341 Pa.Superior Ct. 313, 317, 491 A.2d 281, 283 (1985), *citing Ratony Estate*, 443 Pa. 454, 277 A.2d 791 (1971). Generally, such agreements are governed by the law of contracts.

Appellant claims that because the agreement was merged into an order of court it should not be treated as a contract which created an independent source of obligation. Rather, appellant argues, the obligations created by the court order should be modifiable as any other support order. The fallacy of appellant's argument is in his assertion that any court order which ostensibly imposes support obligations on one party may be modified at the court's discretion upon petition by an aggrieved party alleging changed circumstances. This was not the law of the Commonwealth under the old divorce law.

Our courts have long recognized the difference between "court ordered support" and orders which include the terms of a mutually agreed upon support agreement. In *Bell v. Bell*, 228 Pa.Superior Ct. 280, 323 A.2d 267 (1974), this court affirmed the modification of a support order which had been imposed by the lower court following a full hearing. That action was governed by 17 P.S. § 263 (now repealed), which

provided for the modification or repeal of any order made by a court for support of a wife or child upon the showing of changed circumstances. Under a different factual scenario, however, an order which merely incorporates the terms of a mutually agreed upon support agreement will not be modified merely upon the showing of changed circumstances.

We find the language in *Commonwealth ex rel. Fleming v. Fleming,* 288 Pa.Superior Ct. 504, 432 A.2d 626 (1981),[5] a case decided under the old divorce law, to be particularly instructive on the issue *sub judice.* In *Commonwealth ex rel. Fleming v. Fleming,* the parties, formerly married, entered into an property settlement agreement, later entered as an order of court, which included elements of child and spouse support. The husband sought modification of his obligations under the agreement. In deciding the issue, this court stated, "In the case before us, Mr. Fleming's responsibility to pay money to Mrs. Fleming is governed by the law of contract and not of domestic relations ... The agreement provided for such payments and set the respective amounts thereof; the parties were apparently satisfied that these obligations were subsumed within it, for no separate adjudications of support were requested." 288 Pa.Superior Ct. at 508–09, 432 A.2d at 628. The same reasoning applies to the case at hand.

Another similar situation was addressed in *Sarsfield v. Sarsfield,* 251 Pa.Superior Ct. 516, 380 A.2d 899 (1977), where the parties entered into a postnuptial agreement, the exact wording of which was entered as an order of court by consent of both parties. The husband appealed from the consent order and this court stated:

> This court ruled in *Baran v. Baran,* 166 Pa.Super. 532, 537, 72 A.2d 623 (1950)—
>
> > "A decree entered by consent of the parties is so conclusive that it will be reviewed only on a showing

---

5. This case is not related to *Fleming v. Fleming, supra,* 130 P.L.J. 68.

that an objecting party's consent was obtained by fraud or that it was based upon a mutual mistake."

251 Pa.Superior Ct. at 519, 380 A.2d at 901.

The essence of the reasoning found in these and similar cases was well stated in *Schifano v. Schifano,* 324 Pa.Superior Ct. 281, 471 A.2d 839 (1984) (following Ohio law):

" 'This rule of finality of judgments is especially applicable to divorce judgments where there is an agreement which is incorporated into the journal entry of the trial court and where the trial court has not reserved jurisdiction to modify. The reason that such a decree is final and the court does not have continuing jurisdiction to modify it is that the parties voluntarily entered into a legally binding and enforceable contract. Where parties enter into an agreement and it is submitted to the court, approved and incorporated into a divorce decree, justice requires that the agreement be binding upon both parties.' " *Vaught v. Vaught,* [ ]2 Ohio App.3d [264] at 266, 441 N.E.2d [811] at 813 *quoting Popovic v. Popovic,* 45 Ohio App.2d 57, 64, 341 N.E.2d 341, 346 (1975).

324 Pa.Superior Ct. at 290, 471 A.2d at 844.

The Agreement here clearly demonstrates the parties' intent to create a contractual obligation independent of the obligation to pay court-ordered support. The purpose of the Agreement was stated: "[I]t is the desire of the parties hereto to arrange for and enter into an agreement to settle their respective property rights, custody and support of their minor children, and all other differences which have arisen in their marriage." The agreement provides for a certain level of support payments to be made to the wife prior to the finalization of the divorce decree and a different level of payments to be made following that event. The agreement also empowers the Butler County Domestic Relations Office to withdraw funds from a trust fund as necessary to maintain the monthly payments agreed upon. The order provides for pre-divorce support payments to be made directly to the Domestic Relations Division, but the post-divorce payments were to be made directly to appellee.

Finally, the last paragraph of the agreement provides for the agreement to be made into an order of court.

The analysis to be followed in these cases is to look to the terms of the agreement to determine whether the parties intended it to be modified. There is nothing in the language of this agreement which would indicate that the parties intended the agreement to merge into the court order so as to afford only court ordered support, since the amount of court ordered support is always modifiable.[6]

The general purpose for entering a support agreement as a court order is to enlist the equitable powers of the court in enforcing future payment of the obligations subsumed in the agreement/order. *See Sarsfield v. Sarsfield, supra.* Although the agreement continues to be interpreted as a contract, the support order may be enforced by contempt proceedings pursuant to Rule 1910.12, Pa.R.Civ.P., wage attachment pursuant to Rule 1910.22, and execution upon judgment for arrears pursuant to Rule 1910.23. *See Hollman v. Hollman, supra. Accord:* 23 P.S. § 503.

The separation agreement here is a detailed agreement covering all aspects of the economic relationship of the parties. We believe that the following principles enunciated by this court in *Litwack* apply also in this case.

No assertion of fraud or mistake attendant upon the execution of the separation agreement is made. So long as a separation agreement stands unimpeached, the court cannot alter or change a provision for separate maintenance and support of the wife without the consent of both parties ... [A]bsent such impeachment, there is not

---

6. Appellant argues that the result reached in *Commonwealth ex rel. Tokach v. Tokach*, 326 Pa.Superior Ct. 359, 474 A.2d 41 (1984), compels the result he requests. *Tokach* was a case dealing with modification of a child support agreement, an issue which encompasses very different policy consideration. *Accord: Commonwealth ex rel. Snively v. Snively*, 206 Pa.Superior Ct. 278, 281, 212 A.2d 905, 906 (1965) (public policy prohibits a parent from waiving a child's right to support.); *Commonwealth ex rel. Rossi v. Rossi*, 161 Pa.Superior Ct. 86, 89, 53 A.2d 887, 888 (1947) (same result). The application of *Tokach* has been limited to its facts, *see Madnick v. Madnick*, 339 Pa.Superior Ct. 130, 488 A.2d 344 (1985), and we do not find it to be controlling in this case.

authority for the court to cancel a contract made by the parties and in its place substitute one which it thinks proper but which as a matter of fact the parties had never assented to.

*Litwack v. Litwack,* 289 Pa.Superior Ct. at 409, 433 A.2d at 516.

We must conclude that if the parties had intended the Agreement to be modifiable upon a change in circumstances, they could have so provided.

Order affirmed.

DEL SOLE, J., concurs in the result.