J-A02020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| L.A.B., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| J.C.B., JR. | |
| Appellant | No. 2091 EDA 2016 |

Appeal from the Order entered June 1, 2016,
in the Court of Common Pleas of Bucks County,
Civil Division, at No(s): A06-13-61133-C-19.

BEFORE:  OTT, RANSOM, and FITZGERALD,* JJ.

MEMORANDUM BY RANSOM, J.,                **FILED APRIL 28, 2017**

Appellant, J.C.B., ("Father") appeals from the trial court's order awarding L.A.B. ("Mother") counsel fees in the amount of $15,605.25.  We reverse.

We adopt the following statement of facts from the trial court's opinion, which in turn is supported by the record.  ***See*** Trial Court Opinion (TCO), 7/27/16, at 1-8.  The parties are the parents of three children: R.B., born in December 2007; N.B., born in January 2010; and Z.B. born in May 2012.  In 2013, Mother filed a divorce complaint which included a claim for custody.  On July 24, 2015, following three days of evidentiary hearings, the trial court entered an order in which it granted the parties shared legal custody of their children.  Mother was awarded primary physical custody of the children, while Father was awarded partial physical custody of them on

the first, second, and fourth weekend of each month. In addition, Father was also awarded a two-and-one-half hour "dinner visit" every Wednesday.

On March 9, 2016, Mother filed several motions, including a "Motion for Order for Evaluation of R.B. for Individualized Education Program and for R.B. to Receive Any Special Education Services Recommended as a Result Same."[1] On April 25, 2016, Father filed a petition to amend the existing custody order to include a holiday schedule. Both matters were consolidated for a hearing which began on May 27, 2016. As part of her case, Mother presented the testimony of R.B.'s principal and second-grade teacher regarding their belief that R.B. would benefit from a learning assessment. This recommendation was based on observations of R.B.'s in-class performance. Both parents would have to consent to such testing. Mother immediately consented. Despite being made aware of the request in November 2015, Father withheld his consent. After returning for the afternoon session on May 27th, Mother's counsel hand-delivered to both the trial court and Father's counsel a request for counsel fees and costs pursuant to 23 Pa.C.S. § 5339.

The evidentiary hearing was continued until May 31, 2016. At that time, Mother testified that, although R.B. maintained good grades, the child

_____

[1] The other motions dealt with psychological services for all three children and their denial is not at issue in this appeal.

spent excessive time completing homework assignments and in retaining knowledge of the facts on which she was tested. Father then began to present his case by eliciting testimony from his sister and father. The hearing was again continued to June 1, 2016, at which time Father testified.

Father testified to an email he received from the school principal on April 12, 2016, in which she stated that R.B. was doing well and did not need additional testing. The next day she reversed her opinion, and at the evidentiary hearing the principal maintained the need for an educational assessment. Father also noted that this need for an educational assessment was made prior to R.B.'s taking of a standardized test on which she did very well.

At the conclusion of the testimony, and upon hearing arguments from the parties, the trial court granted Mother's motion by ordering that R.B. be assessed for any special education needs. In addition, the trial court modified the existing custody arrangement to reflect that, for purposes of R.B.'s future educational needs, Mother was awarded sole legal custody of R.B. Finally, the trial court granted Mother's request for counsel fees. The court stated:

> We have to look at motivation. What does our Supreme Court say? In an appropriate case, the Court can and perhaps should, order counsel fees. It's to give you guidelines; not because you like or dislike the person. No. The conduct has to be of such a nature that it's obdurate and vexatious and arbitrary. That's happened here. Father has been absolutely arbitrary. He knows better, but he wants to continue this fight. We don't get the testing for [R.B.] unless Mother asks [her counsel] to file a Petition. Father will not bend. He won't move. He won't break.

He will fight her tooth and nail, which is his right. It's how our system works, but when, as here, we find that he has willfully and deliberately and intentionally litigated a matter on a strictly arbitrary basis because he ignores every fact in the case and comes up with his own agenda. We believe that the vexatious, obdurate behavior should be compensated, and, therefore, we grant the Petition of [Mother's counsel] for attorney's fees.

N.T., 6/1/16, at 168-69.

Pursuant to the trial court's directive, Mother's counsel filed an itemized bill for her services in the amount of $15,606.25. On June 17, 2016, Appellant filed a motion for reconsideration, which was not addressed by the trial court, and then a timely appeal, in which he contends that the trial court "abused its discretion by finding his behavior (position) arbitrary, vexatious and obdurate." Father's Brief at 4.

As this Court has recently summarized:

Our standard of review of an award of counsel fees is well-settled, we will not disturb a trial court's determination absent an abuse of discretion. *Verholek v. Verholek*, 741 A.2d 792, 795 (Pa. Super. 1999). A trial court has abused its discretion if it failed to follow proper legal procedures or misapplied the law. *Id. See also Thunberg v. Strause*, 545 Pa. 607, 682 A.2d 295 (1996) (appellate court's scope of review in cases involving counsel fees is limited to determining whether trial court abused its discretion).

*A.L.-S. v. B.S.*, 117 A.3d 352, 361 (Pa. Super. 2015).

In *Dong Yuan Chen v. Saidi*, 100 A.3d 587 (Pa. Super. 2014), this Court discussed the proper interpretation of Section 5339 of the Child Custody Act:

No case exists regarding interpretation or construction of this statute. The statute was adopted as proposed, with legislative

- 4 -

remarks on the overall goal of the new custody law, but without legislative comment with respect to counsel fees. Section 5339 provides the authority for the award of counsel fees and costs in custody matters in cases of contempt, but also in cases where a party's conduct is "obdurate, vexatious, repetitive or in bad faith." *Id.*

*Chen*, 100 A.3d at 591 (footnote omitted). The *Chen* court then noted that the above language from Section 5339 is identical to the language of two sections of the Judicial Code that allow for the award of counsel fees based on the conduct of a litigant save the addition of the term "repetitive," the word the trial court found to be the basis of its award of counsel fees in that case. *Id.* at 591-593 (citing 42 Pa.C.S. §§ 2503(7), (9)). In *Chen*, the husband had filed "seven petitions over as many years." *Id.* at 593. Nevertheless, "in light of the fact that each petition sought distinct relief pertaining to a variety of legitimate issues that typically arise in a custody matter," and the fact that each petition was not wholly meritless, we concluded that the trial counsel's award of counsel fees under Section 5339 "was unwarranted and an abuse of discretion in this case." *Id.*

In order to properly interpret Section 5339, the *Chen* court further reasoned:

Because this is a matter of first impression, we are inclined to look to case law interpreting section 2503 for guidance in determining whether Husband's conduct rose to the level warranting an award of counsel fees to Wife. A suit is vexatious, such as would support an award of counsel fees, if it is brought without legal or factual grounds and if the action served the sole purpose of causing annoyance. *In re Barnes Foundation*, 74 A.3d 129 (Pa. Super. 2013) (interpreting 42 Pa.C.S, § 2503(7)). "Behavior that protracts litigation may nonetheless not rise to the level of obdurate, vexatious and dilatory conduct within the

- 5 -

meaning of the statute." 17 West's Pa. Prac., Family Law § 13:2 (7th ed.) (*citing Gardner v. Gardner*, 371 Pa. Super. 256, 538 A.2d 4 (1988)). Section 2503(9) serves not to punish all those who initiate legal actions that are not ultimately successful, or which make seek to develop novel theories in the law, as such a rule would have a chilling effect on the right to bring suit for real legal harms suffered. Rather, the statute focuses attention on the conduct of the party from whom counsel fees are sought and on the relative merits of that party's claims. *Thunberg v. Strause*, [545 Pa. 607, 682 A.2d 295 (1996)].

*Chen*, 100 A.3d at 592.

Both *Chen* and *A.L.-S.* involved repetitive petitions initiated by the party against whom counsel fees were assessed. *See Chen*, *supra*; *A.L.-S.*, 117 A.3d at 362 (reversing award of counsel fees when mother filed three separate petitions to modify custody over a five-month period; these filings were necessitated, at least in part, by the trial court's error in refusing to accept jurisdiction). Here, Father was assessed counsel fees for contesting, over a four-month period, Mother's petition seeking additional educational testing for R.B. based on his belief that such testing was not necessary given her improving grades and performance on standardized tests. Neither the trial court nor Mother cites any case law that would permit the award of counsel fees under these circumstances. Accordingly, upon review, we hold that Father's opposition to such testing, over a relatively short period of time in custody proceedings that have been litigated over several years, does not warrant an award of counsel fees under Section 5339. *See, e.g.*, *O'Connell v. O'Connell*, 597 A.2d 643, 647 (Pa. Super. 1991) (reversing award of counsel fees; husband's vigorous

defense of his position in a "bitterly contested" support matter did not establish "the stringent requirement that [husband's] behavior was dilatory, obdurate or vexatious" or done in bad faith); *Lower v. Lower*, 584 A.2d 1028, 1032 (Pa. Super. 1991) (affirming refusal to grant attorney fees because the record supported the trial court's conclusion that "the continuing dispute between the parties had to be decided by a third party").

Even if we were to conclude that Mother could seek counsel fees under Section 5339 for Father's opposition to a petition she filed, we would still conclude that the trial court abused its discretion in granting Mother's petition. In explaining the reasons for its decision, the trial court stated:

> Here, the record reflected that Father was obdurate and vexatious in his conduct towards [sic] Mother and R.B. School policy dictated that an educational evaluation would only be administered with the approval of both parents. Father, ignoring the recommendations of educational professionals regarding R.B.'s best interests, refused to consent, leading to the ongoing litigation in this case. We note that Father's request for a "formal apology" from St. Ignatius demonstrated his disregard for the professional opinions of R.B.'s educators. Additionally, we found that Father's arbitrary refusal to consent to the education evaluation left Mother with no other option but to file a Petition with this [c]ourt, asking this [c]ourt to compel a result which should have easily been resolved by both parents.

> When we announced our decision to impose counsel fees upon Father, we recognized that such an award should be an option only in these cases where the evidence is clear. Here, Father's refusal to consent to limited testing for R.B. was motivated by Father's personal animus toward Mother. He rejected an evaluation to effectuate his daughter's best interests in a specific school and curriculum which both parents continually supported.

> A court, presiding over a child custody case, should not micromanage every issue between parents, however, in this

instance the issue presented was not trivial. It implicated a vital educational matter which, if unresolved, would be contrary to R.B.'s best interests, now, and in the future.

Trial Court Opinion, 7/27/16, at 9-10.

After reviewing the record of the hearings regarding the litigation of Mother's petition, we agree with Father's claim that the trial court's conclusion that his opposition was motivated by animus toward Mother has no support in the record. Mother made no such assertions, and Father's testimony demonstrated none. Moreover, the trial court makes no mention of the objective data upon which Father based his decision to withhold consent. Thus, we conclude that the trial court erred in awarding Mother counsel fees.[2]

Order reversed. Application denied as moot. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/28/2017

_____

[2] Given our decision, we deny as moot Mother's application for counsel fees, costs, delay damages and interest pursuant to Pa.R.A.P. 2741 and 2744.